# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. SWORTWOOD, et al., <br><br>                      Plaintiffs,<br>   v.<br>TENEDORA DE EMPRESAS, S.A. DE C.V., a Mexico Corporation, et al.,<br><br>                      Defendants. | Case No. 13cv362 BTM(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

Plaintiffs have filed a motion for leave to file a Third Amended Complaint. On July 1, 2014, the Court heard oral argument on the motion. For the reasons discussed below, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART.**

## DISCUSSION

Plaintiffs seek leave to file a Third Amended Complaint to add (1) allegations that Tenedora breached the Securities Transfer Agreement in connection with its purchase of the ChinaVest shares; and (2) allegations that Tenedora breached its fiduciary duty and made fraudulent misrepresentations by using Neology's money to fund the purchase of the ChinaVest shares.

The cut-off date for motions to amend pleadings was July 22, 2013.

(Doc. No. 32.) Plaintiffs' instant motion was filed on May 28, 2014. Therefore, the Court must construe Plaintiffs' motion as a motion to amend the scheduling order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992).

The scheduling order can be modified for "good cause." Fed. R. Civ. P. 16(b)(4). Under Rule 16(b), the "good cause" standard "primarily considers the diligence of the party seeking the extension." Johnson, 975 F.2d at 609. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. Although prejudice to the opposing party may provide additional reasons to deny the motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification; if the moving party was not diligent, the inquiry should end. Id.

Here, Plaintiffs clearly knew about the Securities Transfer Agreement by November of last year. In their Motion to Amend Preliminary Injunction, filed on December 4, 2013, Plaintiffs asserted that Tenedora breached the Securities Transfer Agreement by failing to enter into a new Voting Agreement. (Doc. 59-1 at 11-13.) However, Plaintiffs did not, at that time, move to amend their Second Amended Complaint ("SAC") to include a claim for breach of the Securities Transfer Agreement.

Plaintiffs argue that they did not know that their claim regarding the Securities Transfer Agreement was inadequately pled until the Court said so in its order denying the motion to amend preliminary injunction. The Court is not convinced by this argument. The Second Amended Complaint does not contain any allegations regarding breach of the Securities Transfer Agreement and cannot reasonably be construed as encompassing a claim for breach of the Securities Transfer Agreement.

Plaintiffs next argue that even if the SAC did not include a claim for breach of the Securities Transfer Agreement, Tenedora had timely notice of the

claim by way of the Motion to Amend Preliminary Injunction. But the fact that Tenedora may have received notice of the claim does not bear upon the issue of diligence.

The Court concludes that Plaintiffs did not act with diligence with respect to their claim for breach of the Securities Transfer Agreement, and the Court therefore denies Plaintiffs' motion to amend as to this claim.[1] The Court does not decide whether Plaintiffs may use evidence of any breach of the Securities Transfer Agreement to support their claim for breach of the Voting Agreement.

Plaintiffs have a stronger claim of diligence with respect to their new allegations that Tenedora purchased the ChinaVest shares with funds misappropriated from Neology. By November 2013, Plaintiffs had received in discovery documents that revealed that $383,994.70 was deducted from the $854,765 transferred from Tenedora to Neology, and that the $383,994.70 was then documented as a loan, repaid to Tenedora, and used by Tenedora to purchase the ChinaVest shares. (See, e.g., Exs. 4, 7 and 14 to Sneed Decl. in Support of TRO App.) But, according to Plaintiffs, due to the number of documents they received in discovery and the need to translate the documents from Spanish into English, it took some time to "connect the dots." Plaintiffs also claim that it was not until the depositions of Francisco Martinez and Fernando Ellias-Calles in May of 2014, that they realized that the $383,994.70 "loan" was a sham.

---

[1] The Court recognizes that even if Plaintiffs had moved to amend the SAC in November or December 2013, the deadline for moving to amend pleadings had already expired in July. However, Plaintiffs should have moved to amend the scheduling order as soon as they discovered the Securities Transfer Agreement. District Courts within this Circuit have refused to allow amendment where the moving party learned of new claims after the deadline for moving to amend pleadings, but then delayed seeking relief for several more months without a good reason. See, e.g., Zest IP Holdings, LLC v. Implant Direct MFG, LLC, 2014 WL 67494, at *4 (S.D. Cal. Jan. 8, 2014) (concluding that there was no diligence where defendants did not seek to amend their answer until five months after the events defendants claim justified the amendment); County of Santa Clara v. Astra USA, Inc., 2009 WL 1765811, at * 2 (N.D. Cal. June 22, 2009) ("Even accepting that defendants learned further details of the counterclaims in early March, moreover, they offer no basis for the additional delay of nearly three months thereafter.").

Given the volume of discovery, the language barrier, and the somewhat confusing history of the transactions in question, the Court finds that Plaintiffs have made a sufficient showing of diligence with respect to their allegations that Tenedora purchased the ChinaVest shares with Neology funds. Therefore, the Court grants the motion to amend as to these allegations.

Tenedora argues that Plaintiffs should not be granted leave to amend because their new claim regarding misappropriation of Neology funds is futile. Specifically, Tenedora contends that the claim can only be brought, if at all, as a shareholder derivative claim. The Court does not reach this issue at this time. Tenedora can raise this argument in opposition to the pending motion for preliminary injunction and/or in a dispositive motion.

## **CONCLUSION**

For the reasons discussed above, Plaintiffs' motion for leave to file a TAC is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs may amend their Complaint only to add allegations regarding Tenedora's alleged use of Neology funds to purchase the ChinaVest shares. Plaintiffs must electronically file their TAC within 10 days of the entry of this Order.

The parties should address Tenedora's derivative claim argument in their briefs on the motion for preliminary injunction. The Court grants Plaintiffs leave to file a reply brief that is an additional 10 pages long (20 pages total) to respond to Tenedora's derivative claim argument.

**IT IS SO ORDERED.**

DATED: July 8, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court